## A. M. GILMAN & CO. *v.* COSGROVE.

A COMPLAINT which contains no other designation of the party plaintiff than the name of a copartnership firm is defective ; but such defect can only be made available to defendant by demurrer for defect of parties, or by denial in the answer of any cause of action and objection thereunder to evidence in support of the claim.

An amended answer supersedes the original and destroys its effects as a pleading.

APPEAL from the Seventh Judicial District.

The complaint is entitled "*A. M. Gilman & Co.* v. *James N. Cosgrove*," and contains no other description or designation of the parties plaintiff, but states a cause of action for goods sold and delivered in favor of the " plaintiff above named." The first answer of defendant consisted of a general denial with plea of accord and satisfaction and statute of limitations. An answer termed an " amended and supplemental " answer was afterwards filed containing no denial, but setting up the giving of promissory notes in full payment and satisfaction. The case was tried by a referee and on the trial, defendant objected to the introduction of any evidence by plaintiff, on the ground that there was no sufficient designation of the party plaintiff in the complaint—objection over-ruled and defendant excepted. The defendant also offered evidence to disprove the sale and delivery of the goods, which on objection of plaintiff was excluded, upon the ground that the second answer

raised no issue upon that point, to which ruling defendant excepted. After this ruling was made, and several witnesses having been examined, the defendant moved for leave to file an amended answer upon an affidavit, that he had not, through the fault of plaintiff, been able to obtain access to the papers and accounts necessary to enable him to understand and state his defense. Plaintiff filed in opposition to the motion an affidavit, showing that the accounts and papers referred to were long before the trial submitted to defendant's inspection. The motion was denied, and defendant excepted. The referee reported a judgment in favor of plaintiff for the amount claimed, and judgment accordingly was rendered by the Court, from which the defendant appeals.

*Wallace & Rayle*, for Appellant.

*Henry Edgerton*, for Respondent.

NORTON, J. delivered the opinion of the Court—COPE, C. J. and CROCKER, J. concurring.

1. The complaint should have set forth the names of the individuals composing the firm of A. M. Gilman & Co., as the plaintiffs, if the action was intended to be in behalf of individuals composing a firm. Defendants may, by virtue of a special statute, be sued by their copartnership name, but there is no statute authorizing an action to be brought by plaintiffs in a copartnership or firm name. The objection to this defect has, however, not been taken in a way to be available. If it may be assumed that "A. M. Gilman & Co." is the name of a firm of which A. M. Gilman is one of the partners, then the defendant should have demurred to the complaint for a defect of parties. If it be said that it does not appear by any averment in the complaint, and that it cannot be assumed that "A. M. Gilman & Co." is the name of a copartnership, then, in order to have made it appear that there was an error in naming the plaintiffs, and to have taken effectual advantage of that error, the answer should have denied the purchase of any goods of the plaintiffs, and when proof was offered, it should have been shown that the goods were bought of certain individuals, who, perhaps, might have done business under a firm name, but neither of whose names

was A. M. Gilman & Co. (*Porter* v. *Cresson*, 10 Serg. & Rawle, 257 ; *Pate* v. *Bacon*, 6 Munf. 219.) The objection not having been taken in a proper mode, there was no error committed on this point.

2. The second answer filed is called an amended and supplemental answer, and such it is in form and substance. It is not a supplemental answer alone, if such an answer could properly be filed as a mere addition to the one already filed. There was therefore no error in holding that it suspended the first answer.

3. As the answer which was held to be the one on which the issue was formed and the trial was had, did not deny the allegation of the complaint as to the sale of the goods and the amount due therefor, the evidence offered upon those points was properly rejected.

4. The grounds upon which the defendant asked leave to file a second amended answer were displaced by the counter affidavit, and there was hence no abuse of discretion in denying the application. We do not by this remark intend to be understood that it would otherwise in this case, or in any case, be an abuse of discretion to refuse leave to amend, after proofs had been introduced on a trial.

Judgment affirmed.