CHARLES W. CLEMENT *vs.* BRITISH AMERICAN ASSURANCE COMPANY.

SAME *vs.* COMMERCIAL UNION ASSURANCE COMPANY.

SAME *vs.* FIRE INSURANCE ASSOCIATION OF LONDON.

SAME *vs.* GERMANIA FIRE INSURANCE COMPANY.

SAME *vs.* NORTHERN ASSURANCE COMPANY.

SAME *vs.* SPRINGFIELD FIRE AND MARINE INSURANCE COMPANY.

SAME *vs.* STANDARD FIRE OFFICE.

SAME *vs.* WASHINGTON FIRE AND MARINE INSURANCE COMPANY.

Suffolk. Jan. 14. — March 1, 1886. DEVENS & GARDNER, JJ., absent.

An action upon a policy of insurance, in the form prescribed by the Pub. Sts. c. 119, § 139, against loss by fire, containing the provision that, if any difference of opinion shall arise as to the amount of loss, it is mutually agreed that the loss shall be referred to arbitrators to be chosen, whose decision shall be final, may be referred to an auditor, whose report is admissible in evidence, and has the same effect as in other cases.

If a person makes, in behalf of a limited partnership of which he is a member, a valid contract of insurance, in an action upon the policy of insurance evidence is inadmissible to show that the members of the partnership have not complied with the requirements of the Pub. Sts. c. 75, §§ 4, 12, and have so transacted their business as to become liable as general partners to third persons.

In an action upon a policy of insurance against loss by fire on certain goods, upon the question of the value of damaged goods after the fire, evidence of what the goods brought at a sale by auction is competent; and, if the defendant puts in evidence tending to show that such a sale is not the proper course which a prudent man, desiring to make the most out of his damaged stock, would adopt, it is competent for the plaintiff to ask of an expert in such matters whether there is any other better mode of disposing of such goods.

In an action upon a policy of insurance against loss by fire on certain goods, upon the issue of the value of the goods before they were damaged, they being staple goods constantly manufactured and sold in the market, it is competent for the plaintiff to show what it cost to manufacture such goods.

At the trial of an action upon a policy of insurance against loss by fire on certain goods, a request by the defendant to instruct the jury to find specially what proportion, if any, of the goods was undamaged in consequence of the fire, is addressed to the discretion of the presiding judge; and no exception lies to his refusal so to do.

The refusal of a person insured against loss by fire on a large stock of boots and shoes to separate, after injury by fire, the damaged portion from that undamaged, and to give to the insurer a detailed statement by cases of the amount of damage claimed on each item, does not defeat his right of action.

If a limited partnership contains but one general partner, C., in whose name the business is carried on, it is no objection, in the absence of fraud or deceit, to a proof of loss made to an insurer, that it states that the property insured belongs to C., and that no other person or party has any interest therein.

If a person, without any fraud or intention to deceive, procures insurance in his name upon property belonging to a limited partnership, in which he is the general partner and another person is the special partner, without disclosing the fact that his name is used as the name of the partnership, and the insurer has no knowledge of the partnership, and supposes that it is dealing with such person as an individual, this will not avoid the policy.

If property belonging to a limited partnership, in which C. is the general partner and another person is the special partner, is insured in the name of C., which is the name used by the partnership, in an action upon the policy C. is entitled to recover the full amount of the loss, and not merely the value of his interest in the property.

In an action upon a policy of insurance, which has been referred to an auditor, a request to have the jury instructed that the auditor's report "is not entitled to great weight" is properly refused.

In an action upon a policy of insurance against loss by fire on certain goods, if the evidence is conflicting as to whether any material part of the insured goods was undamaged, the defendant is not entitled to have the jury instructed that "the result of an auction sale of the goods, damaged and undamaged, without separation, is not admissible as evidence tending to show the amount of loss for which the insurers are liable."

EIGHT ACTIONS OF CONTRACT upon policies of insurance, in the form prescribed by the Pub. Sts. *c.* 119, § 139, against loss by fire upon merchandise in a building in Boston. The cases were tried together in this court, before *Holmes*, J. The jury returned a verdict for the plaintiff in each case; and the defendants alleged exceptions, which appear in the opinion.

*N. Morse & J. D. Bryant*, (*F. C. Welch* with them,) for the defendants.

*E. R. Hoar & S. Hoar*, for the plaintiff.

MORTON, C. J. There are in these cases two bills of exceptions, raising many questions of law. The defendants have argued some questions which are not raised, but we can consider only those which are presented by the bills of exceptions.

1. The defendants objected to the admissibility of the auditor's report as ev'dence, upon the ground that, by their contract, the parties have agreed upon a different mode of ascertaining the loss in case of fire, namely, by a reference to three disinterested men. It was held in the recent case of *Reed* v. *Washington Ins. Co.* 138 Mass. 572, that the clause in the standard form of policy, providing for a reference to three disinterested

men in case of difference of opinion as to the amount of loss, does not prevent the insured from suing and recovering the amount of his loss in the courts. Such suit must be governed by the usual rules of procedure, and the court, if it sees fit, may refer it to an auditor, whose report is admissible, and has the same effect as in other cases.

2. By the policies in suit, C. W. Clement is insured " on merchandise consisting principally of boots and shoes, his own or held by him in trust or on commission." In some of the policies the language is, " their own or held by them in trust or on commission," but we do not regard the difference as material. It appeared at the trial, that C. W. Clement and Fayette Shaw formed a limited partnership, in which Clement was the general, and Shaw the special partner; that a certificate in proper legal form of the formation of such limited partnership had been made, published, and recorded, in accordance with the requirements of the statute; and that the merchandise insured was the property of this partnership. The defendants offered to show that such certificate was false, and that Shaw had not in good faith paid in as capital $50,000, as stated in said certificate; and also that said Clement and Shaw had so transacted their business as to make them liable as general partners to third persons.

The court rightly ruled that this evidence was inadmissible, unless the defendants could go further, and show that the partners regarded themselves as general partners as between themselves. The statute provides that, if a false statement is made in the certificate, and in cases in which other provisions of the statute are not complied with, the members of limited partnerships shall be subject to all the liabilities and entitled to all the rights of general partners. Pub. Sts. c. 75, §§ 4, 12. But, in case of such non-compliance, the effect of the statute is not to make them general partners *inter sese*. As between themselves, they are bound by their contract, and are special partners. *Lancaster* v. *Choate*, 5 Allen, 530, 539. So long as the agreement between them remains in force, it is the duty of the general partner to conduct all the business under the firm name. We can see no sound principle upon which it can be held that a person who deals with a limited partnership can modify or change the contract which he has made, by proof that the members of the partnership

have not fully complied with the statute. The question whether the special partner is subject, as to third persons, to the liabilities of a general partner, is entirely foreign to the question whether a person who has contracted with the partnership shall carry out his contract. If, therefore, Clement made, on behalf of the partnership, a valid contract of insurance with the defendants, they are bound by it, and the fact that Shaw is liable to third persons as a general partner is immaterial.

3. In determining the amount of the plaintiff's loss, a material question was what was the value of the injured goods after the fire. Upon this question, evidence of what the goods brought at a sale by auction was competent. *Kent* v. *Whitney*, 9 Allen, 62. *Brigham* v. *Evans*, 113 Mass. 538. The weight to be given to the testimony was for the jury, and, after the defendants had put in evidence tending to show that a sale by auction was not the proper course which a prudent man, desiring to make the most out of his damaged stock, would adopt, it was competent for the plaintiff to ask of an expert in such matters whether there is any other better mode of disposing of such goods.

4. One of the questions being what was the value of the plaintiff's goods before they were injured, they being staple goods constantly manufactured and sold in the market, it was competent for the plaintiff to show what it cost to manufacture such goods. The cost of manufacture was admitted, not as a test, but as one of the elements to aid the jury in determining the fair market value of the goods.

5. The request of the defendants to the court to instruct the jury to find specially what proportion, if any, of the entire stock was undamaged in consequence of the fire, was addressed to the discretion of the presiding justice; and no exception lies to his refusal so to do. *Graves* v. *Washington Ins. Co.* 12 Allen, 391.

6. The defendants, soon after the fire, called upon the plaintiff, and told him that it was his duty to separate the damaged from the undamaged stock, and to make out and give to them a detailed statement of the stock on which he claimed damage, by cases, and perhaps even by pairs, and the amount of damage claimed on each item thereof. The plaintiff refused to do this, asserting that the whole was damaged. The defendants, at the trial, contended that they were entitled to such a statement.

There is nothing in the contract which requires such a duty of the plaintiff, and the court rightly ruled that he was not bound to make such statement. If the plaintiff unreasonably refused to aid the defendants in ascertaining the loss, this might be conduct on his part which would properly be the subject of comment to the jury, but it would not defeat his right to recover.

7. The defendants objected to the sufficiency of the proof of loss, and asked the court to rule that, "if Clement rendered to his insurers a statement of loss in which he swore that he was the sole owner of the property insured, and that no other person had any interest therein, and if he knew at the time that Fayette Shaw was interested with him as a partner, general or special, in the business carried on at the corner of Pearl Street and Atlantic Avenue, such statement was not a true statement, and was not such a compliance with the terms of the policy as would entitle the plaintiff to maintain this action." It will be observed that the request does not contain any element of fraud or deception, or intentional misstatement, on the part of Clement. In fact, Clement did not swear "that he was the sole owner of the property insured;" the proofs of loss furnished to the defendants contained the statements, "that the property thus insured belonged to Charles W. Clement, and that no other person or party had any interest therein." This statement was true. By "Charles W. Clement," the plaintiff meant the firm of that name, and the defendants knew that he so meant, for they had been informed, before the proofs of loss were made, that the property belonged to the limited partnership of that name. It might have been more formal if the proofs of loss had stated that the property belonged to "Charles W. Clement, a limited partnership," but this would have conveyed precisely the same idea to the minds of both parties which the proofs as made in fact conveyed. If the defendants had any objections to the form, they should have made them known, and it could have been corrected. They made no objection, probably because they thought that no real objection existed to the proofs. The court rightly refused the instruction requested.

8. The defendants requested the court to instruct the jury, that, if the plaintiff procured the insurance without disclosing the fact that his name was used as the name of a partnership,

and without knowledge of that fact on the part of the insurers, such failure to disclose the fact would be a suppression of a material fact which would avoid the policy; also that the burden of proof was on the plaintiff to show that the fact of such partnership was known to the insurers, otherwise the minds of the parties never met, and no valid contract of insurance for the benefit of the partnership was made between the parties.

The court rightly ruled that, as the case stood, the defendants were not entitled to these instructions. Clement, acting for the firm, made a contract with the defendants to insure the property of the firm for its benefit. He, without any fraud or purpose to deceive, used the name of the firm, the only name he had any right to use in transacting any business of the firm. If · sume that the defendants had no knowledge of the firm, .pposed they were dealing with Clement as an individual, would not be a defence. The doctrine that, in order to bring a contract into existence, there must be a meeting of the minds, or a mutual assent, of the parties contracting, is subject to many qualifications and limitations. A mistake as to the identity of the person with whom a contract is made may or may not prevent the formation of the contract, according to circumstances. In the ordinary case of buying or selling for cash, the identity of the parties is entirely immaterial, and one party could not defeat the contract of sale by showing that he was mistaken as to the identity of the other; and in many cases, where the question of identity is material, a party is estopped by his dealing with the other from setting up his mistake as to the identity of the other. If A. deals with B. without any inquiry as to his identity, and, in consequence of the dealing, B.'s position is changed, as a general rule A. would be estopped from setting up that he supposed he was dealing with another person, and thus defeating the contract. *Stoddard* v. *Ham*, 129 Mass. 383. *Edmunds* v. *Merchants' Despatch Transportation Co.* 135 Mass. 283. *Robertson* v. *Coleman*, *ante*, 231.

In the case at bar, the mistake of the defendants as to the person with whom they were dealing was immaterial. It did not in any way affect the character and extent of the risk, and it was not shown that there were any equities or relations between the parties which would make it of any consequence to

the defendants whether they were insuring the individual Charles W. Clement or the firm of that name.  The firm acted and relied upon the insurance as valid, and it would be a hardship and injustice if the insurance could be defeated because the defendants had an understanding, not communicated to the plaintiff, that they were insuring the individual Clement.  Upon the facts of this case, we are of opinion that the innocent omission by Clement to disclose to the defendants the fact that the name Charles W. Clement was used, and intended to be used, as the name of the firm, did not prevent the contracts from taking effect nor avoid them.

The instructions requested do not contain any element of fraud or intentional concealment on the part of Clement, and were rightly refused.

9.  The policies in suit are valid policies to the firm, and for the benefit of the firm ; therefore the plaintiff is entitled to recover the full value of the loss, and the court properly refused to instruct the jury, as requested by the defendants, that the plaintiff could recover only the value of the interest of Clement in the property.

10.  The instruction requested, that the report of the auditor " is not entitled to great weight," was properly refused.  The statute makes the auditor's report *prima facie* evidence upon the matters embraced in the order to him.  The court could not properly express any opinion upon its weight, which was a matter entirely for the consideration of the jury.  Pub. Sts. c. 159, § 51.

11.  The defendants asked the court to instruct the jury, that " the result of an auction sale of the goods, damaged and undamaged, without separation, is not admissible as evidence tending to show the amount of loss for which the insurers are liable." This was properly refused, because it assumes facts not proved. There was conflicting evidence as to whether any material part of the insured goods was undamaged.  We have already held that the sale by auction was competent, not as a test, but as evidence, the weight of which was for the jury.  The presiding justice rightly left its weight to be determined by the jury, who alone had the right to decide whether any, and, if any, how many, of the goods were undamaged, and whether, upon the

facts proved to their satisfaction, a sale by auction was a proper step or not, and whether its result was of any aid to them in deciding the issues in the case.

We have considered all the questions raised by the bills of exceptions which the defendants insisted on in their argument in this court, and the result is that none of them can be sustained. *Exceptions overruled.*