[Sac. No. 2314. Department Two.—June 6, 1917.]

## THOMAS HOLDEN et al., Respondents, v. W. R. MENSINGER, Appellant.

MECHANIC'S LIEN—AMENDED COMPLAINT—APPEAL—COMMENCEMENT OF ACTION.—On an appeal from a judgment foreclosing a mechanic's lien, based upon an amended complaint, it will be presumed in favor of the judgment, in the absence of a showing to the contrary, that the action was commenced within the time limited therefor.

ID.—VARIANCE—LIEN FILED BY COPARTNERSHIP.—There is no variance between a lien claim filed by and on behalf of a copartnership in its firm name and a complaint to foreclose the lien, in which the plaintiffs sued in their individual capacity and as copartners doing business under such firm name.

ID.—MEMBERS OF COPARTNERSHIP NEED NOT BE STATED IN LIEN.—There is no requirement in the law that in filing a copartnership lien claim the members of the copartnership shall be specifically named.

ID.—PARTNERS CANNOT SUE BY FICTITIOUS NAME.—While a copartnership acting under a fictitious name may be sued in that name, the rule governing its prosecution of an action is that the full name of all the partners must be stated.

ID.—PLEADING — PARTNERSHIP DOING BUSINESS UNDER FICTITIOUS NAME—FILING CERTIFICATE.—Where a complaint by the persons composing a copartnership shows on its face that they were doing business under a fictitious name, the omission to aver a compliance with sections 2466 and 2468 of the Civil Code is not a fatal defect. The omission merely subjects the complaint to the special defense

of a plea in abatement, and is cured by evidence offered at the trial of the timely filing of an adequate certificate.

ID.—DISMISSAL OF ACTION AGAINST DEFENDANTS PRIMARILY LIABLE — PROPERTY NOT RELEASED.—The dismissal of an action to foreclose the lien of a subcontractor, as against defendants, who were primary debtors personally liable to the plaintiff, does not relieve the property on which the building was erected from the lien.

ID.—LIEN OF SUBCONTRACTOR—INDEBTEDNESS DUE EMPLOYEE.—Under section 1193 of the Code of Civil Procedure, as the same existed at the time of the trial, a subcontractor, who employed a third person to do part of the work and is legally bound to pay him therefor, may include in his claim of lien the value of the services of the employee, and recover judgment therefor, if the employee has filed no lien claim.

APPEAL from a judgment of the Superior Court of Stanislaus County. L. W. Fulkerth, Judge.

The facts are stated in the opinion of the court.

Griffin & Carlson, J. M. Walthall, and John L. McVey, for Appellant.

Austin Lewis, and R. M. Royce, for Respondents.

HENSHAW, J.—This is an appeal from a judgment given in favor of plaintiffs in their action as contractors to foreclose their mechanic's lien upon the property of appellant Mensinger. Plaintiffs sued in their individual capacity and as copartners doing business under the firm name and style of the Thomas Holden Decorating Company, a copartnership. Their lien claim was filed in the name and on behalf of the Thomas Holden Decorating Company, a copartnership. The material which they furnished and the labor which they performed were in and about the decoration of a theater erected on the appellant's land.

Appellant advances against the judgment certain untenable and highly technical propositions. Thus, he declares that the transcript does not show that the action was commenced within ninety days after the filing of the lien claim. This manifestly arises from the fact that the original complaint was superseded by an amended complaint, which appears in the transcript. He raised no plea of the statute of limitations and does not even now contend that the action was not commenced in time, as manifestly it was, or he would have

been at pains to show the contrary. Suffice it to say that in the absence of a showing of the fact, the presumption will favor the judgment. He next contends that he interposed a general demurrer and that "the transcript fails to show that any order was made by the court sustaining or overruling this demurrer." Again, it may be said that the objection is wholly frivolous in view of the fact that in more than one place in the record it is shown that appellant's counsel knew and recognized the fact that the demurrer had been overruled. Thus:

"Mr. Royce: Well, may it please the court, we had a demurrer interposed upon the ground the complaint did not state facts sufficient to constitute a cause of action and the demurrer was overruled."

Still further, it is argued that there is no testimony in the record showing that any materials were furnished or labor performed upon the property or any part of it against which the lien is sought. This contention is based upon the fact that in their evidence many of the witnesses colloquially spoke of the building as the "Modesto Theater." But the property was described as being "on Tenth Street and located on lots 9, 10, and 11, block 56, and is known as the Mensinger Block." It is further abundantly established that Mensinger owned the land, and not only knew of the erection of the theater but knew personally the work that was being done by these plaintiffs.

Appellant next contends that there is a fatal variance between the lien claim and the complaint, which are as above indicated, and the findings which declare that "Thomas Holden and Charles Frederick Holden comprise the firm of Thomas Holden Decorating Company, a copartnership," etc. Upon broad grounds the contention is without merit. A variance is fatal only when it has misled or by its nature may serve to mislead an adverse party; as where he is brought into court to meet specific issues of fact and the proof is addressed to quite different issues, it will be presumed that he has been misled to his injury in not being sufficiently advised of the nature of the action so as to be prepared to meet it with evidence. But where this reasoning fails of applicability, the variance itself ceases to be fatal, and such manifestly is the situation here presented. But more specifically there is no variance whatsoever between the lien claim and the complaint,

the lien claim properly declaring that the contract was with the copartnership, since in fact it was. Nor is there any requirement in the law that in filing a copartnership lien claim the members of the copartnership shall be specifically named. Coming, next, to the complaint, it would have been demurrable if it had charged in the name of the copartnership alone. (*Gilman* v. *Cosgrove,* 22 Cal. 356.) While a copartnership acting under a fictitious name may be sued in that name (Code Civ. Proc., sec. 388), the rule governing its prosecution of an action is that the full names of all the partners must be stated. "Partners cannot, at common law, sue or be sued by their partnership names, but by statute in some of the states, as in Ohio, Iowa, etc., this is allowed, and so far partnerships are treated as corporations. Elsewhere their demands are joint and personal, and must be enforced by them as individuals." (Bliss on Code Pleading, sec. 145; *Williams* v. *Southern Pac. R. R. Co.,* 110 Cal. 457, [42 Pac. 974] ; *Clement* v. *British-American Assur. Co.,* 141 Mass. 303, [5 N. E. 847].)

It is next urged by appellant that there is a fatal defect in the complaint in that it appears upon the face of it that the copartners were doing business under a fictitious name, and the complaint itself does not aver a compliance with sections 2466 and 2468 of the Civil Code, which averment is asserted to be necessary when upon the face of the pleading the fictitious name of the copartnership appears. (*Sweeney* v. *Stanford,* 67 Cal. 635, [8 Pac. 444] ; *Alaska Salmon Co.* v. *Standard Box Co.,* 158 Cal. 567, 577, [112 Pac. 454].) But neither of these cases decides, nor does any other case decide, as appellant contends, that this omission is a "fatal defect." The omission merely subjects the complaint to the special defense of a plea in abatement, which plea was not here interposed. Upon the trial satisfactory evidence was offered of the timely filing of an adequate certificate. The fact, therefore, was established against appellant's contention, and while, had the complaint been more carefully drawn, it would have pleaded this compliance with the sections of the Civil Code, the omission becomes immaterial in view of the fact that the issue was fully tried and determined against the contention of appellant.

Plaintiffs dismissed their action against Poland, the original contractor, and against the Coast Theater Company, who, it may be conceded, were primarily liable for plaintiffs' claim.

It is contended that this dismissal of the primary debtors personally liable relieved the property of appellant Mensinger from the lien. To plaintiffs' argument that no personal or deficiency judgment could be entered against the land owner, Mensinger, the complete answer is that no such judgment was entered. To the argument that the property should be released from the burden of the lien by virtue of the dismissal against the primary debtor, an analogy is sought to be drawn between actions such as this and actions to foreclose mortgages resting on private contract and the rights of sureties and guarantors. The analogy is fallacious. In a mortgage or in a suretyship the liabilities are based upon an agreement of the' parties, and by operation of law the release or discharge of the debtor releases the sureties for the debt. In the case of a mechanic's lien the real property is in its nature an independent fund, to which the lien claimant may resort without regard to the personal liability of him with whom he has contracted. It is an action *in rem.* (*Pennoyer* v. *Neff*, 95 U. S. 714, [24 L. Ed. 565].) Our cases hold (*Giant Powder Co.* v. *San Diego Flume Co.*, 78 Cal. 193, [20 Pac. 419]) that the primary debtor and the owner of the property impressed with the lien may be joined as defendants in a single action. But it is not declared that they are necessary parties defendant, and the ground of the ruling is simply that of convenience in avoiding a multiplicity of suits.

It is contended because the copartners employed an artist to do a part of the decorative work and he testified to the value of the labor and material furnished by him, that this artist had an independent claim for the value of these services, and consequently that it was error to include this amount in the judgment given in favor of plaintiff. The evidence was abundant to support the court's finding of the value of the work done and material furnished. However, the testimony of the artist, a son of one of the copartners but not a member of the copartnership, was that the value of his services was $1,250, that he had received no part of it, and had filed no lien claim for it. Section 1193 of the Code of Civil Procedure at the time of the trial of this action provided that: "Any contractor shall be entitled to recover, upon a lien filed by him, only such amount as may be due him according to the terms of his contract, after deducting all claims of other parties for work done and materials furnished,

as aforesaid, and embraced within his contract." This contention also is without merit. Manifestly, the "claims" for which deductions are to be made are claims based upon valid lien claims filed for work done or material furnished to the claimant contractor, and therefore to be deducted from the amount of his recovery, for the plain and principal purpose of this provision is to protect the owner against the possibility of being forced to make double payments. Such laborers, artisans, or materialmen could only have a recovery against the owner by filing their lien claims and prosecuting their actions, and therefore, we repeat, it is only in such cases that section 1193 contemplates a .deduction. It would not only do violence to the statute, but would work a grave injustice upon these plaintiffs if they were not allowed to recover from the owner the value of these services, for the payment of which they are legally bound to the man who performed them.

The judgment appealed from is therefore affirmed.

Melvin, J., and Lorigan, J., concurred.