[Civ. No. 2509.   First Appellate District, Division One.—January 23, 1919.]

## THE AGRICULTURAL EXTENSION CLUB OF NEVADA COUNTY, Respondent, v. M. HIRSCH & SON, Appellants.

UNINCORPORATED ASSOCIATIONS—CAPACITY TO SUE.—An unincorporated association cannot sue in its own name.

ID.—DEFECT, HOW TAKEN ADVANTAGE OF.—When an unincorporated association undertakes to sue in its own name the defect is one that may be taken advantage of by the plea that the plaintiff has not legal capacity to sue.

ID.—DILATORY PLEA—WAIVER BY DELAY.—The plea that the plaintiff is without legal capacity to sue is a dilatory plea and must be made at the earliest opportunity presented to the defendant, or it is waived.

ID.—OBJECTION WAIVED BY FAILURE TO DEMUR.—When the fact that the plaintiff has not legal capacity to sue appears on the face of the complaint the objection must be raised by demurrer or it is waived.

ID.—ADMISSION BY ANSWER—FINDING SUSTAINED.—Where the defendants by their answer pleaded affirmatively that the plaintiff was an unincorporated association and as such had not the legal capacity to sue, that admission alone was sufficient to sustain the finding of the court upon the subject.

PRINCIPAL AND AGENT — PURCHASING AGENT — AUTHORITY.—Where a local junkman had acted as agent for the defendants in purchasing old papers for them on former occasions, their telegram to him authorizing him to offer certain sums per ton for folded newspapers and magazines was a direct authorization to him to act for them and to bind them by his acceptance of paper as being properly folded and bundled for use in the defendants' peculiar trade.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   Daniel C. Deasy, Judge. Affirmed.

The facts are stated in the opinion of the court.

Louis H. Brownstone for Appellants.

William B. White and E. H. Armstrong for Respondent.

RICHARDS, J.—This is an appeal from a judgment in plaintiff's favor for the sum of $323.95 and costs, for certain merchandise alleged to have been sold and delivered to the defendants.

The facts of the case are briefly these: The plaintiff is an unincorporated association of one hundred or more persons in the county of Nevada. In the month of April, 1917, this association, in aid of some charitable object, conceived the idea of commencing a campaign for the collection of folded newspapers and folded magazines throughout Nevada County, for which, when collected, it was understood a market existed in Sacramento. The president of the association wrote to a local junk dealer who had theretofore done some business for the defendants in that region, and asked him if he could handle the matter. He undertook to do so, and telephoned to the defendants at Sacramento, who, on April 5, 1917, sent him the following telegram:

"T. Griffiths, Grass Valley, Cal.

"We authorize you to offer sixteen dollars and fifty cents per ton for folded newspapers and twelve dollars and fifty cents per ton for folded magazines. These prices are f. o. b. Grass Valley. You can draw on us for the amount of the weight of these papers as per railroad weights.

"M. HIRSCH & SON."

Upon the receipt of this telegram the local junkman to whom it was directed assumed control of the shipment of the papers and magazines as the same were delivered to him at the depot in the town of Grass Valley, and were by him, as consignor, shipped to the defendants as consignees, the destination of the shipment being San Francisco. The defendants claimed and alleged in their amended answer, and offered to prove at the trial, that the said newspapers and magazines were not properly folded or bundled at their point of shipment, and hence arrived at their destination in an unmarketable condition, and on that account they refused to pay for the same, whereupon this action was begun.

Upon the trial the court found against the defendants upon their several defenses and in favor of the plaintiff for the amount of its claim.

The appellant's first contention is that the court erred in not finding in the defendants' favor upon the issue presented in

its answer to the effect that the plaintiff as an unincorporated association had not the legal capacity to sue. In the plaintiff's amended complaint it affirmatively appeared upon the face thereof that the plaintiff was an unincorporated association of one hundred persons, none of whom were named as plaintiffs in the action. It is a well-settled principle of pleading that an unincorporated association cannot sue in its own name. When it undertakes to do so, however, the defect is one which may be taken advantage of upon the plea that the plaintiff has not legal capacity to sue. Since this, however, is a dilatory plea, and since dilatory pleas are not favored in law, it has been uniformly held that the objection is one which must be taken advantage of at the earliest opportunity presented to the defendant or else it is waived. Section 430 of the Code of Civil Procedure makes the objection that the plaintiff has not the legal capacity to sue a ground of demurrer when it appears upon the face of the complaint. Section 433 of the same code provides that, ''when any of the matters enumerated in section 430 do not appear upon the face of the complaint, the objection may be taken by answer.'' Section 434 of said code provides that, ''If no objection be taken, either by demurrer or answer, the defendant must be deemed to have waived the same, excepting only the objection to the jurisdiction of the court, and the objection that the complaint does not state facts sufficient to constitute a cause of action.''

Construing these several sections of the code with special reference to the objection that the plaintiff has not legal capacity to sue, the supreme court has held that when this objection does appear upon the face of the complaint the defendant must take advantage of it by demurrer, and if he does not do so he waives the objection. (*Tingley* v. *Times etc. Co.,* 151 Cal. 1, [89 Pac. 1097]; *California Safe etc. Co.* v. *Sierra etc. Co.,* 158 Cal. 690, [Ann. Cas. 1912A, 729, 112 Pac. 274].) In the case at bar the fact that the plaintiff was an unincorporated association appeared affirmatively upon the face of the plaintiff's complaint. The defendants did not urge upon demurrer to said complaint the objection that the plaintiff had not the legal capacity to sue, and they must therefore be held to have waived said objection in accordance with the foregoing authorities.

The appellants' next contention is that there was no evidence to sustain the finding of the trial court to the effect that the plaintiff was an unincorporated association. No evidence was needed to sustain this finding, since the defendants themselves pleaded affirmatively in their answer that the plaintiff was an unincorporated association composed of one hundred or more members, and that as such it had not the legal capacity to sue. This admission alone was sufficient to sustain the finding of the court upon the subject.

The appellants further contend that the evidence in the case disclosed that in the shipment of the papers and magazines in question the local junkman, to whom their telegram had been directed, was acting as the agent of the plaintiff and not as the agent of the defendants, and hence that the defendants were not bound by his acceptance of the said merchandise in the condition in which it was at the point of shipment. This contention is, we think, without merit. The local junkman had acted as the defendants' agent in that region upon former occasions. The defendants' telegram to him was a direct authorization to act as their agent upon this occasion; nor do we think his agency was limited by the terms of said telegram to the acceptance only of newspapers and magazines which were folded in any particular way. Both he and his principals were junkmen, and as such were presumably possessed of knowledge as to when merchandise of the kind in question here was in a proper state of folding or bundling for use in their peculiar trade. The plaintiff, on the other hand, could not, through its membership, be expected to possess this knowledge, and hence must be held to have been entitled to rely upon the defendants' agent for the assurance that their offered merchandise was in an acceptable condition when it was tendered for shipment at the depot in Grass Valley and was received and forwarded to the defendants without objection. We think, in short, that the evidence sufficiently shows an acceptance of the merchandise by the defendants through their agent at the point of shipment to bind them to the payment of the offered price.

This ruling disposes of the other contentions of the appellants as to the alleged errors of the court upon the admission or rejection of evidence during the trial of the cause.

Judgment affirmed.

Waste, P. J., and Kerrigan, J., concurred.