[Civ. No. 5870. First Appellate District, Division Two.—June 11, 1929.]

GINSBERG' TILE COMPANY (a Copartnership), Appellant, v. SALVATORE FARAONE et al., Respondents.

Russell W. Cantrell and I. M. Peckham for Appellant.

Devoto, Richardson & Devoto for Respondents.

GOODELL, J., *pro tem.*—This appeal was taken on the judgment-roll alone from an order granting the motion of the respondents to dismiss. The action was commenced in the name "Ginsberg Tile Company, a copartnership, plaintiff," and the appeal was taken in the same name.

The facts are that on May 25, 1926, a complaint was filed by "Ginsberg Tile Company, a copartnership," against Salvatore Faraone and Jennie Faraone, his wife, defendants, alleging that certain work had been done by the plaintiff upon the improved real property of the defendants, under an agreement between them whereby plaintiff was to be paid $593.75 for his work, which amount was unpaid, and that a claim of lien had been filed for record on February 24, 1926. The complaint prayed for judgment for $593.75 and for the foreclosure of the lien. There was no allegation in the complaint respecting the copartnership named in the caption, or showing who were its constituent members.

The defendants demurred upon the sole ground that plaintiff had no legal capacity to sue, and they moved to dismiss upon the same ground.

Before the demurrer and motion were heard an amended complaint was filed in the name of the same "plaintiff" with two personal defendants (G. M. Sourich and T. A. Sourich) and four fictitious defendants added, and containing an allegation that plaintiff, Ginsberg Tile Company, was at all times mentioned a copartnership composed of H. Ginsberg and S. Ginsberg, and that they had complied with the provisions of sections 2466 and 2468 of the Civil

Code. The amended complaint amplified in many important respects the rather sketchy averments of the original pleading, added allegations not found in the original, and changed the theory of the action from one based upon a contract made directly with Faraone and wife to one based upon a subcontract between plaintiff and G. M. Sourich and T. A. Sourich, original contractors, for work upon property owned by the Faraones.

The respondents promptly demurred to the amended complaint, again upon the ground of plaintiff's lack of capacity to sue, and again moved to dismiss upon the same ground, and moved to strike the amended complaint from the files upon the ground that it changed the cause of action originally set forth. The trial court granted the motion to dismiss, but took no action upon the demurrer or motion to strike.

"The principal and substantial question presented for decision," to adopt the appellant's own statement of it, "is whether the filing of a complaint by a copartnership in its firm name, instead of having the individual names of the copartners appear in the caption thereof, is such a fatal defect as to render the action a nullity, legally justifying its dismissal on this ground, or whether such a defect is merely an irregularity, which may be taken advantage of by special demurrer, for nonjoinder of parties plaintiff, and if no objection is thus specifically taken to the complaint, the defect is waived."

Bliss, in his work on Code Pleading, third edition, at section 145, says: "The full names of both plaintiffs and defendants should be given as plaintiffs and as defendants—not, as at common law and in equity, by describing them in the body of the pleading, but in the form of a title to the cause, and they may be afterwards referred to, without naming them, as 'the plaintiff' or 'the defendant.' In an action by or against a partnership, the full names of all the partners must be stated."

Section 388 of the Code of Civil Procedure provides that "When two or more persons, associated in any business, transact such business under a common name, whether it comprises the names of such persons or not, the associates may be sued by such common name. . . . " The legislature, as early as 1854, thus modified the common-law rule which

permits partners neither to sue nor be sued in their partnership name. But it will be noted that the rule was relaxed with respect to defendants only. Had the legislature intended to authorize or sanction a procedure such as that attempted here, obviously it would have been necessary simply to have provided that "the associates may *sue or* be sued by such common name." On settled and familiar principles it is clear that by expressly permitting such practice in the case of defendants the legislature manifested an intention to prohibit it in the case of plaintiffs.

"While a copartnership acting under a fictitious name may be sued in that name . . . the rule governing its prosecution of an action is that the full names of all the partners must be stated." (*Holden* v. *Mensinger,* 175 Cal. 300 [165 Pac. 950].) But it is settled that if plaintiffs do sue in their partnership name the defendants must interpose their objection at the very outset or they waive it (*Agricultural Extension Club* v. *Hirsch,* 39 Cal. App. 433 [179 Pac. 430], and *Gilman* v. *Cosgrove,* 22 Cal. 356), and it is claimed that in the instant case there has been such waiver.

The basis for this assertion of waiver is not that the defendants made no preliminary objection at all, but that they put it on the wrong ground. The defendants promptly demurred to both complaints, and twice moved to dismiss, upon the sole ground that the plaintiff had not legal capacity to sue. The appellant contends that this was ineffective, for two reasons, (1st) because the demurrers did not "distinctly specify the grounds" upon which the objection was taken (Code Civ. Proc., sec. 431), and (2d), because the demurrers should have been upon the ground of "a defect or misjoinder of parties plaintiff." It is difficult to find any real or substantial difference between the ground which was specified and that now urged as the only proper one. When it is borne in mind that waiver presupposes voluntary abandonment, and that the respondents asserted their point without any delay at all, the waiver argument loses its force. As between the two grounds, there is authority both ways. In the Gilman case, *supra,* where the defendants answered without having first objected to the suit in the firm name, it was held that they had waived the objection and "should have demurred to the complaint for a defect of parties."

On the other hand, in the Agricultural Extension Club case, *supra*, where in similar circumstances the defendants likewise answered, it is said that "the defect is one which may be taken advantage of upon the plea that the plaintiff has not legal capacity to sue." *Dicta* to the same effect are indeed found in two cases relied upon by the appellant. Thus in *Los Angeles Ry. Co.* v. *Davis,* 146 Cal. 179 [106 Am. St. Rep. 20, 79 Pac. 865], the court said that, "The point that plaintiff was not a corporation goes only to its capacity to maintain an action . . . and therefore it could be raised by demurrer to the complaint only under subdivision 2 of section 430 . . . which provides as a cause of demurrer 'that plaintiff has not legal capacity to sue.' . . . " And so in *Fruit Cleaning Co.* v. *Fresno Co.,* 94 Fed. 845, 847, it is said: "Nor is it a question of misjoinder or nonjoinder of parties plaintiff, but it is the legal question whether there is an actual party plaintiff in the case."

H. Ginsberg and S. Ginsberg undoubtedly had legal capacity to sue. And had they incorporated their business, the corporation certainly would have had legal capacity to sue. But the suit was brought in the name of neither a natural nor an artificial person. The plaintiff admittedly did that which at common law cannot be done at all, and that which a *plaintiff* in this state cannot do.

As we see it, the ground that plaintiff had not legal capacity to sue was no less appropriate than the ground of defect or nonjoinder. It called the attention of the pleader directly and pointedly to the fact that he was not suing in the name of a legal entity at all; that he was using as a so-called plaintiff a mere name, instead of suing in the names of natural persons who happened to use such name or symbol in transacting their business. The bare statement of the ground in the demurrer and motion, in the statutory language, was itself a "distinct specification of the ground" and could not fail to rivet the attention of counsel upon the fact that he had no plaintiff before the court. (Parenthetically it should be said that counsel who now prosecutes this appeal was not in the case when these pleadings were drawn.) On the other hand, a demurrer for nonjoinder would concede that the plaintiff named was itself proper enough, but would suggest that *other* parties should be joined as plaintiffs, which was not, by any means, what the respond-

·ents wanted to point out. What they sought to do was to point out that there was no plaintiff at all before the court, and we think their demurrer and motion were designed fairly and effectively to accomplish this.

From the framework of both complaints, it is apparent that the theory of the pleader was that a partnership, as such, is a legal entity, and, as in the case of a corporation or natural person, may sue and be sued, and not ·that the individuals making up the partnership are the parties plaintiff, irrespective of the name under which they operate.

The appellant contends that it is not indispensable that the copartnership relation of the plaintiffs be shown in the caption so long as,. in the body of the complaint, such partnership relation is specifically averred. This, of course, is true, but it does not meet the difficulty here. The cases of *Wise et al.* v. *Williams,* 72 Cal. 544 [14 Pac. 204], and *Fruit Cleaning Co.* v. *Fresno etc. Co.,* 94 Fed. 845, are cited, but neither is in point. In the first, John H. Wise and Thomas Denigan were plaintiffs, and were so named in the caption. In the caption, however, they were not described as copartners. The body of the complaint contained the allegation that they were copartners doing business under the firm name of Christy and Wise. All that the case holds is that language descriptive of the partnership relation need not be contained in the caption (the real parties, natural persons, being named therein), so long as the allegations in the body of the complaint show such relationship. The cases would be parallel if in the case at bar H. Ginsberg and S. Ginsberg appeared as plaintiffs. They do not so appear either in the caption or in the body of the complaint. The federal case falls into the class of the Gilman and Agricultural Extension Club cases, *supra,* for the reason that objection to the defect there was. not taken until seven months after· a replication had been filed, at which time the respondents sought to file an amended answer setting up the defect. Moreover, the names of the parties were set out in the bill of complaint .sufficiently to conform to the equity rule of the federal courts.

It is conceded by the appellant ''that, under the old common law, an action brought in the name of an unincorporated association or partnership is, in strictness, not a misnomer of a party plaintiff, but rather the omission of a

party plaintiff, *rendering the action a nullity.*" (Italics ours.) But, counsel adds that, "This harsh doctrine according to the trend of present-day authority, even in England, has been moderated," etc.

With respect to the common-law rule, the Supreme Court, in the case of *Holden* v. *Mensinger,* 175 Cal. 300 [165 Pac. 950], says: " 'Partners cannot, at common law, sue or be sued by their partnership names, but by statute, in some of the states, as in Ohio, Iowa, etc., this is allowed, and so far partnerships are treated as corporations. Elsewhere their demands are joint and personal, and must be enforced by them as individuals.' (Bliss on Code Pleading, sec. 145; *Williams* v. *Southern Pac. R. R. Co.,* 110 Cal. 457 [42 Pac. 974] ; *Clement* v. *British American Assur. Co.,* 141 Mass. 303 [5 N. E. 847].) "

In California the legislature, with power to moderate the common-law rule to the fullest extent, has relaxed it only in part (Code Civ. Proc., sec. 388). The courts, in the cases to which we have referred, have moderated it further by holding that, unless raised at the threshold, the objection is waived. But the only implication from those cases is, that if the objection is interposed in a timely and proper manner it is perfectly good. The objection here certainly was timely, and we are satisfied that the manner of asserting it was proper.

■ The statute and the authorities in this state fully warrant the conclusion at which the lower court arrived, namely, that "plaintiff" had no legal capacity to sue. Numerous cases from other jurisdictions have been brought to our attention, but with the law so well settled (*Holden* v. *Mensinger, supra; Gilman* v. *Cosgrove, supra; Agricultural Extension Club* v. *Hirsch, supra,* and sec. 388, Code Civ. Proc.) resort need not be had to outside authorities, nor need they be discussed. ■ However, the difficulty with the case arises from the fact that the lower court, granting the motion to dismiss, thereby cut off the opportunity to amend, coupled with the fact that in its brief herein the appellant stood, more or less steadfastly, upon the technical ground discussed above, that by demurring and moving on one ground, and not on the other, the defendants waived the admitted defect and irregularity. In that connection it should be observed that in its brief appellant asks for a reversal "with instruc-

tions to the lower court to overrule the demurrer interposed to the amended complaint, with leave to the defendants to answer." To reverse in the form requested or for that reason, would run counter to the settled and unbroken line of authority in this state and to the provisions of section 388 of the Code of Civil Procedure. But while we are satisfied that the amended complaint was demurrable, still there is a serious question whether leave should not have been granted to amend. The authorities to which we have referred hold that if the objection is not raised at the threshold it is waived, which is but another way of saying that the defect is not absolutely fatal. If, therefore, a cause of action exists, the complaint is amendable. The granting of the motion to dismiss was tantamount—so far as the question of amendment is concerned—to the sustaining of a demurrer without leave to amend. The record shows that the motion to strike out the amended complaint, the demurrer and the motion to dismiss the action were all taken under submission on briefs and that thereafter a minute order was entered granting the motion to dismiss. On the same day a formal order was signed by the judge that plaintiff take nothing and that judgment be entered in favor of defendants for their costs. If the amended complaint was susceptible of amendment so as to show upon its face the real parties plaintiff— and we are satisfied it was—the case would seem to be squarely within *Metzger* v. *Vestal*, 76 Cal. App. 409, 417 [244 Pac. 942], wherein the lower court had sustained a demurrer without leave to amend and *on the same day* entered judgment against plaintiffs. It was there urged that counsel had had ample time, while the demurrer was under advisement, to ask leave to amend in anticipation of an adverse ruling; further, that after the ruling, application could have been made under section 473 of the Code of Civil Procedure, but upon the authority of *Schaake* v. *Eagle etc. Can Co.*, 135 Cal. 472, 480 [63 Pac. 1025, 67 Pac. 759], and *James* v. *P. B. Steifer Min. Co.*, 35 Cal. App. 778, 788 [171 Pac. 117], it was held that plaintiffs were not required, in order to have the point reviewed on appeal, to ask leave to amend in advance of the ruling, or to move to vacate the judgment for the purpose of permitting them to amend. The court said: "The rule that a party, against whom an order has been entered sustaining a demurrer without leave to

amend, must ask leave to amend in order to have the ruling reviewed on appeal presupposes that the complaining party had an opportunity to ask such leave prior to the time of entry of judgment on the order. . . .

" . . . While the demurrers were properly sustained, . . . the plaintiffs ought to be permitted to amend in order that the case may be decided upon the merits rather than upon technical rules of pleading. 'Unless it be clear to a trial court that a defective complaint cannot be amended so as to obviate the objections made thereto, a plaintiff desiring it should be allowed reasonable opportunity to so amend.' (*Payne* v. *Baehr*, 153 Cal. 441, 447 [95 Pac. 895].)"

The motion to dismiss, the granting of which gave rise to this appeal, was made upon the ground that "plaintiff" had no legal capacity to sue. The motion to strike out the amended complaint was upon the ground that it wholly changed the cause of action set forth in the original complaint. This latter point is discussed in the briefs, but it is not necessary to discuss it herein. Moreover, as stated above, it was not the ground of the motion to dismiss and no action was taken upon the motion to strike, by the lower court.

The respondents, consistently with their position in the lower court that the "plaintiff" had no legal capacity to sue, have moved to dismiss this appeal upon the ground that the "appellant" cannot, for the same reason, prosecute an appeal, which motion should be denied.

For the reasons herein given the order appealed from is reversed, with directions to the trial court to allow the complaint to be again amended within ten days after notice, each side, however, to pay its own costs on appeal. The motion to dismiss the appeal is denied.

Nourse, J., and Koford, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 11, 1929, and a petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 8, 1929.

All the Justices present concurred.