[No. B176546. Second Dist., Div. Five. Jan. 20, 2005.]

UNITED INVESTORS LIFE INSURANCE COMPANY, Plaintiff and Appellant, v.
WADDELL & REED, INC., et al., Defendants and Respondents.

**1302**

COUNSEL

Baxley, Dillard, Dauphin, McNight & Barclift, William J. Baxley; Nevin & Absalom and Edward J. Nevin for Plaintiff and Appellant.

Akin Gump Strauss Hauer & Feld, Rex S. Heinke and Seth M. M. Stodder for Defendants and Respondents Waddell & Reed, Inc., Waddell & Reed Financial, Inc., Waddell & Reed Financial Services, Inc., and W&R Insurance Agency, Inc.

Gibson, Dunn & Crutcher, Joseph P. Busch III and Stacy J. Marsh for Defendants and Respondents Thomas Miller, Cheryl Aldava, Timothy Glenn, Eric Hoopingarner, Michael Ingaglio, Duane Johnson, Carolyn Joyce, Gloria Kimmel, William Knoke, Mark Larsen, Carolyn Leone, Albert Martinez, John Morreale, Joyce O'Donnell, Elizabeth Ruch, Kenneth Sheets, Bobby Yount, Darryl Harr and Does 1-100, inclusive.

OPINION

**TURNER, P. J.**—This matter is before us on a motion to dismiss the appeal. Defendants argue the plaintiff has no standing to appeal the dismissal of its statutory unfair competition based claims because it has not met the requirements of Business and Professions Code[1] section 17204 as amended *while this appeal was pending* by Proposition 64. We hold plaintiff has standing to appeal. Accordingly, we deny the dismissal motion.

Plaintiff, United Investors Life Insurance Company, brought an unfair competition claim on behalf of the general public against multiple defendants, Waddell & Reed, Inc., and others,[2] under section 17200 et seq. Plaintiff alleged the defendants had engaged in a nationwide campaign to induce plaintiff's policyholders to switch their variable annuity policies for those

---

[1] All further statutory references are to the Business and Professions Code except where otherwise noted.

[2] The motion to dismiss was filed by defendants Waddell & Reed, Inc., Waddell & Reed Financial, Inc., Waddell & Reed Financial Services, Inc., and W&R Insurance Agency, Inc. The remaining defendants—18 individuals—have joined in the dismissal motion. The 18 individual defendants who join in the dismissal motion are: Thomas Miller, Cheryl Aldava, Timothy Glenn, Eric Hoopingarner, Michael Ingaglio, Duane Johnson, Carolyn Joyce, Gloria Kimmel, William Knoke, Mark Larsen, Carolyn Leone, Albert Martinez, John Morreale, Joyce O'Donnell, Elizabeth Ruch, Kenneth Sheets, Bobby Yount, and Darryl Harr. The joinder is also filed on behalf of "Does One through One Hundred, inclusive."

issued by another insurance company. The trial court dismissed the action after sustaining defendants' demurrer without leave to amend and plaintiff appealed.

■ In their motion to dismiss the appeal, defendants argue plaintiff has no standing to pursue an unfair competition claim under section 17200 et seq. as recently amended. After the complaint was dismissed and the notice of appeal had been filed, on November 2, 2004, Proposition 64 was adopted by the voters. Proposition 64 took effect on November 3, 2004. (Cal. Const., art. II, § 10, subd. (a); *John L. v. Superior Court* (2004) 33 Cal.4th 158, 168 [14 Cal.Rptr.3d 261, 91 P.3d 205]; *Hotel Employees and Restaurant Employees Intern. Union v. Davis* (1999) 21 Cal.4th 585, 590 [88 Cal.Rptr.2d 56, 981 P.2d 990]; *Evangelatos v. Superior Court* (1988) 44 Cal.3d 1188, 1193, fn. 2 [246 Cal.Rptr. 629, 753 P.2d 585].) Pursuant to Proposition 64, section 17204 was amended to delete the stricken language and to add the italicized words as follows: "Actions for any relief pursuant to this chapter shall be prosecuted exclusively in a court of competent jurisdiction by the Attorney General or any district attorney or by any county counsel authorized by agreement with the district attorney in actions involving violation of a county ordinance, or any city attorney of a city, or city and county, having a population in excess of 750,000, and, with the consent of the district attorney, by a city prosecutor in any city having a full-time city prosecutor or, with the consent of the district attorney, by a city attorney in any city and county in the name of the people of the State of California upon their own complaint or upon the complaint of any board, officer, person, corporation or association or by any person acting for the interest of itself, its members or the general public *who has suffered injury in fact and has lost money or property as a result of such unfair competition.*" (Ballot Pamp., Gen. Elec. (Nov. 2, 2004) text of Prop. 64, § 3, p. 109.) In other words, section 17204 has been amended to prohibit any person, other than the state Attorney General or a local public prosecutor, from bringing an unfair competition action unless the plaintiff has suffered injury in fact and has lost money or property. The authority of a person to file suit on behalf of the general public absent injury in fact and loss of money or property has been abrogated.

Defendants argue plaintiff has not met the injury in fact requirement of section 17204 and therefore lacks standing to sue; further, because plaintiff lacks standing to sue, it has no standing to appeal. Defendants present three arguments as to why plaintiff has no standing. First, defendants contend that the 2004 amendments to section 17204, which do not contain a savings clause, are to be applied retroactively. (*Younger v. Superior Court* (1978) 21 Cal.3d 102, 109 [145 Cal.Rptr. 674, 577 P.2d 1014]; *Governing Board v.*

*Mann* (1977) 18 Cal.3d 819, 829 [135 Cal.Rptr. 526, 558 P.2d 1].) Second, defendants contend that the amended provisions of section 17204 are merely a procedural change in the law, which may therefore be applied to this case. (*Tapia v. Superior Court* (1991) 53 Cal.3d 282, 288–291 [279 Cal.Rptr. 592, 807 P.2d 434]; *Brenton v. Metabolife Intern. Inc.* (2004) 116 Cal.App.4th 679, 688 [10 Cal.Rptr.3d 702].) Third, defendants argue that the adoption of Proposition 64 by the voters while this appeal has been pending abrogates plaintiff's cause of action premised on section 17204. (Gov. Code, § 9606; *Governing Board v. Mann, supra,* 18 Cal.3d at p. 829; *Physicians Committee for Responsible Medicine v. Tyson Foods, Inc.* (2004) 119 Cal.App.4th 120, 128 [13 Cal.Rptr.3d 926].) Among other things, plaintiff argues it is entitled to amend its complaint to allege it suffered injury in fact and lost money.

■ We do not reach the merits of defendants' standing to sue argument as it relates to whether plaintiff may pursue its unfair competition claim in superior court. The question before us on defendants' dismissal motion is whether plaintiff has standing to *appeal* the demurrer dismissal. Code of Civil Procedure section 902 sets forth the statutory basis for standing to appeal, "Any party aggrieved may appeal in the cases prescribed in this title." The Supreme Court has explained the test of whether a party is aggrieved: "One is considered 'aggrieved' whose rights or interests are injuriously affected by the judgment. [Citations.] Appellants interest ' "must be immediate, pecuniary, and substantial and not nominal or a remote consequence of the judgment." ' [Citation.]" (*County of Alameda v. Carleson* (1971) 5 Cal.3d 730, 737 [97 Cal.Rptr. 385, 488 P.2d 953]; accord, *Ajida Technologies, Inc. v. Roos Instruments, Inc.* (2001) 87 Cal.App.4th 534, 540 [104 Cal.Rptr.2d 686].) The controlling Supreme Court analysis was explained by the Court of Appeal thusly: " '[A]s to the question who is the party *aggrieved,* the test . . . seems to be the most clear and simple that could be conceived. *Would the party have had the thing, if the erroneous judgment had not been given?* If the answer be yea, then the person is the "party aggrieved." But his right to the thing must be immediate, and not the remote consequence of the judgment, had it been differently given.' (*Adams v. Woods* (1857) 8 Cal. 306, 315.)" (*Crook v. Contreras* (2002) 95 Cal.App.4th 1194, 1201 [116 Cal.Rptr.2d 319], original italics.) The Courts of Appeal have characterized standing to appeal as a jurisdictional matter. (*In re Frank L.* (2000) 81 Cal.App.4th 700, 703 [97 Cal.Rptr.2d 88]; *Marsh v. Mountain Zephyr, Inc.* (1996) 43 Cal.App.4th 289, 295 [50 Cal.Rptr.2d 493]; see Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2004) ¶ 2:270, pp. 2-124-2-125 (rev. # 1, 2004).) The right to appeal is liberally construed. (*In re Matthew C.* (1993) 6 Cal.4th 386, 394 [24 Cal.Rptr.2d 765,

862 P.2d 765]; *Koehn v. State Board of Equalization* (1958) 50 Cal.2d 432, 435 [326 P.2d 502].) There is no indication whatsoever that Proposition 64 in general, or the amendments to section 17204 in particular, were intended to affect appellate court jurisdiction to address the merits of standing to assert unfair competition claims in superior court.

■ Moreover, the Courts of Appeal have refused to dismiss appeals on the ground the appellate court might ultimately determine the appellant did not have standing to assert its claims in the trial court. (*In re Catherine H.* (2002) 102 Cal.App.4th 1284, 1294 [126 Cal.Rptr.2d 342]; *Conservatorship of Stewart* (1969) 276 Cal.App.2d 211, 215 [80 Cal.Rptr. 738]; *Ginsberg Tile Co. v. Faraone* (1929) 99 Cal.App. 381, 389 [278 P. 866].) As our colleagues in the Court of Appeal for Division Two of the Fourth Appellate District explained in *Catherine H.* in the context of whether a mentally ill mother had standing in the trial court and on appeal to assert a right to custody to a child, "[E]ven if she did not have standing below, she would still be aggrieved by the trial court's ruling that she did not have standing. Thus, she would still have standing to appeal. [Citations.] Any other approach would improperly conflate standing to appeal with the merits. True, a vision of the world in which only litigants with meritorious appeals would have standing has some allure; in practice, however, it would mean we would regularly have to pass on the merits of an appeal in the context of a motion to dismiss, without the benefit of the record." (*In re Catherine H., supra,* 102 Cal.App.4th at p. 1294.) In other words, an appellate court has *jurisdiction* to determine whether a party has standing in superior court to pursue a cause of action.

■ Pursuant to Code of Civil Procedure section 902, we conclude plaintiff has standing to appeal. Plaintiff is a party. (*County of Alameda v. Carleson, supra,* 5 Cal.3d at p. 736; *Bates v. John Deere Co.* (1983) 148 Cal.App.3d 40, 53 [195 Cal.Rptr. 637].) Plaintiff is aggrieved because its complaint has been dismissed. (*County of Alameda v. Carleson, supra,* 5 Cal.3d at p. 737; *Crook v. Contreras, supra,* 95 Cal.App.4th at p. 1201; *Ajida Technologies, Inc. v. Roos Instruments, Inc., supra,* 87 Cal.App.4th at p. 540.) Even if plaintiff has no authority to maintain its suit in superior court, it is sufficiently aggrieved by the dismissal of its complaint that it has standing to appeal under Code of Civil Procedure section 902. (*In re Catherine H., supra,* 102 Cal.App.4th at p. 1294; *In re Stewart, supra,* 276 Cal.App.2d at p. 215; *Ginsberg Tile Co. v. Faraone, supra,* 99 Cal.App. at p. 389.)

The dismissal motion is denied.

Armstrong, J., and Kriegler, J.,* concurred.

---

*Judge of the Superior Court of Los Angeles County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.