Filed 9/28/15  National City Mortgage v. Dorrin CA4/1CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| NATIONAL CITY MORTGAGE, etc., <br><br> Plaintiff and Respondent, <br><br> v. <br><br> ARTHUR DORRIN, <br><br> Defendant and Appellant. | D066975 <br><br><br> (Super. Ct. No. RIC531351) |

APPEAL from a judgment and order of the Superior Court of Riverside County,

John W. Vineyard, Judge.  Affirmed in part and dismissed in part.

Arthur Dorrin, in pro. per., for Defendant and Appellant.

Chuck & Tsoong, Stephen C. Chuck and Victoria J. Tsoong, for Plaintiff and

Respondent.

INTRODUCTION

This is Arthur Dorrin's second appeal in this action in which National City

Mortgage (NCM), a division of National City Bank of Indiana, seeks to quiet title to a

single lot Dorrin used to secure a construction loan made by NCM. When Dorrin defaulted on the loan, NCM discovered a series of wild deeds clouding the title, which prevented nonjudicial foreclosure. NCM filed this action to clear the title and named a number of defendants, including Dorrin. The court granted NCM summary judgment against Dorrin, the only defendant to file an answer. In an unpublished opinion, we dismissed Dorrin's appeal of the summary judgment as untimely and affirmed an order denying his motion to vacate the judgment. (*National City Mortgage v. Dorrin* (Feb. 3, 2015, D066477) [nonpub. opn.].)

Dorrin now appeals the default judgment entered against other defendants who defaulted. NCM contends this appeal should be dismissed because Dorrin lacks standing to appeal the default judgment against the other defendants. We agree and dismiss the appeal because Dorrin is not a party aggrieved by the default judgment against other defendants. We consider, but affirm, the trial court's order denying Dorrin's motion for new trial based on a lack of standing. We also affirm the court's order denying his motion to vacate the judgment because his prior appeal did not stay entry of judgment against the other defendants.

BACKGROUND

A

*Dorrin's Acquisition of the Property*

In March 2001 Dorrin acquired title to vacant land in the unincorporated area of Aguanga in Riverside County consisting of a number of parcels, including the one lot at issue in this litigation. At the same time, he executed a short form deed of trust and

2

assignment of rents in favor of Rancon Current Yield 12 Plus L.P. (Rancon) securing a promissory note in the amount of $160,000 with the same parcels. Dorrin executed a modification to the deed of trust in favor of Rancon in 2002 to allow partial releases of certain individual lots for specified amounts.

Dorrin purported to transfer the parcels by quitclaim deed to California Ranch Lands, Inc. (California Ranch), a California corporation in July 2002. As the president of California Ranch, Dorrin executed a grant deed in September 2003 purporting to transfer the parcels to Ventura Automotive Group, Inc. (Ventura Auto). Dorrin allegedly controls both California Ranch and Ventura Auto.

B

*The Subject Loan and Default*

In January 2006 Dorrin obtained a construction loan from NCM for $585,000 to be secured by a single lot of land. As part of the loan process, when the lender made inquiries about the condition of title to the property, Dorrin responded with a "to whom it may concern" letter representing the title of the property was held by California Ranch. Dorrin stated he sold 37 parcels of land to California Ranch in March 2002 and, in turn, California Ranch sold 29 parcels to Ventura Auto in September 2003. He stated Ventura Auto transferred all interest in the parcels back to California Ranch for specific consideration in November 2003. He stated Ventura Auto repaid a debt to him in September 2005.

3

Dorrin, acting as secretary of California Ranch, executed a grant deed transferring title of the lot from California Ranch back to Dorrin, as an individual. Some of the loan proceeds were used to pay off the Rancon debt for the lot.

Dorrin executed a deed of trust in favor of NCM securing the loan with the lot. The deed of trust included a power of sale clause permitting the lender to sell the property in the event of an uncured default. Dorrin executed a loan modification agreement in 2007 modifying only the payment terms.

Dorrin stopped making payments on the note and was in default by December 2007. In February 2008 Dorrin advised NCM there was a problem with the title, which he claimed rendered the property "unmarketable." He claimed a tax bill showed Capo's Construction, Inc. (Capo's) was the owner of the property.

NCM substituted Cal-Western Reconveyance Corporation (Cal-Western) as the trustee and Cal-Western recorded a notice of default and election to sell in May 2008. A notice of trustee's sale was recorded in August 2008 indicating the amount owed on the loan at the time was $613,428.70. However, due to the discovery of wild deeds clouding the property, the foreclosure trustee was unable to nonjudicially foreclose on the property.

C

*Wild Deeds*

In September 2003 a quitclaim deed was recorded purporting to transfer the lot at issue in this case, along with several other lots, from California Ranch to Deborah A. Allen (the Allen deed). At the same time, another second quitclaim deed was recorded

4

purporting to transfer the property from Deborah A. Allen to Capo's. NCM alleges these were wild deeds because they were outside the chain of title since title to the property had already transferred to Ventura Auto. NCM also alleges Dorrin attempted to transfer title of the property to Ventura Auto in March 2009 to hinder NCM's efforts to enforce its security interest.

In May 2011 a grant deed was recorded purportedly transferring title from Capo's to Susan Delabar. Delabar disclaimed any right, title, or interest in the property by way of a stipulated judgment in 2012.

An assignment of deed of trust was recorded in May 2008 assigning beneficial interest under the Rancon deed of trust to Julia C. Allen, doing business as Allstarz Investments and then from Julia C. Allen to MFTDS, Inc. (MFTDS), a California corporation doing business as Master Funding Co. as a new trustee. Thereafter, MFTDS recorded a notice of default and election to sell under the Rancon deed of trust.

D

*The Lawsuit*

NCM filed this action in July 2009 naming as defendants: Dorrin; California Ranch; Ventura Auto; Deborah A. Allen; Capo's; Julia C. Allen, individually and doing business as All Starz Investments; MFTDS; and Cal-Western.[1] NCM's complaint sought a judgment declaring its claim to title in the property under the deed of trust was superior

---

[1] After NCM's counsel sent a letter to MFTDS explaining the Rancon deed of trust had been paid off for the property, MFTDS disclaimed any interest in the property. Cal-Western also filed a disclaimer.

5

to any conflicting claims to title created by the wild deeds, quieting title, and judicial foreclosure under the deed of trust. It also sought cancellation of written instruments partially canceling from the public records: the July 2002 California Ranch deed, the September 2003 Ventura Auto deed, the Allen deed, the Capo's deed, the March 2009 Ventura Auto deed, and the Rancon deed of trust "to the extent said instruments affect, concern or reference the subject property so as to remove the cloud on [NCM's] title" to the deed of trust against the property.

In November 2009 the court entered defaults against the following nonappearing defendants: Capo's; Deborah A. Allen; Julia C. Allen, individually and doing business as All Starz Investments; California Ranch; and Ventura Auto (defaulting defendants).

The court granted NCM's motion for summary judgment as to Dorrin in January 2013 finding: (1) Dorrin was the sole owner of the property as of the date NCM's deed of trust was recorded (Jan. 30, 2006); (2) NCM's deed of trust was valid, enforceable and in first and senior position against the property; (3) the Allen deed was wild because Dorrin did not intend to transfer title to the property and, therefore, the Allen deed, the Capo's deed and the Delabar deed are void. Dorrin appealed. In an unpublished opinion, we dismissed the appeal from the judgment as untimely and affirmed the order denying his motion to vacate the judgment. (*National City Mortgage v. Dorrin*, *supra*, D066477.)

While Dorrin's appeal was pending, the trial court set a default prove-up hearing regarding the defaulting defendants for August 2014. Dorrin objected to the hearing asserting the matter was stayed pending his appeal of the summary judgment. He

6

contended he is "potentially directly affected" by any rulings involving California Ranch and Ventura Auto based on alter ego allegations in the complaint.

At the prove-up hearing, the court considered oral testimony from NCM's default litigation coordinator and various documents clouding NCM's title.[2]  The court entered default judgment against the defaulting defendants declaring these defendants "have no estate, right, title, interest, or claim in or to the real property."[3]

The amended judgment states the following instruments "are void *ab initio* as to the Subject Property" and shall be set aside and cancelled nunc pro tunc: (1) quitclaim deed from Dorrin to California Ranch, dated July 17, 2002, recorded July 18, 2002 (Doc. No. 2002-393693); (2) grant deed from California Ranch to Ventura Auto dated September 2, 2003, recorded September 18, 2003 (Doc. No. 2003-727460); (3) grant deed from California Ranch to Dorrin dated January 23, 2006, recorded January 30, 2006 (Doc. No. 2006-0070766); (4) assignment of Rancon $160,000 deed of trust to Julia C. Allen, doing business as Allstarz Investments dated January 31, 2008, recorded March 16, 2008 (Doc. No. 2008-0264544); (5) grant deed from Dorrin to Ventura Auto dated March 25, 2009, recorded March 26, 2009 (Doc. No. 2009-0148013); (6) short form deed

_____

[2]    We grant Dorrin's unopposed motion to augment the record with the reporter's transcript of the August 15, 2014 hearing.  We deny Dorrin's request for judicial notice of the briefs and only selected pages of the clerk's transcript in the prior appeal *National City Mortgage v. Dorrin*, *supra*, D066477, because they do not assist in our review of this appeal.

[3]    The court signed and entered an amended judgment on September 8, 2014, after it was brought to its attention the original judgment signed on August 15, 2014, contained a typographical error.

7

of trust and assignment of rents in favor of Rancon in the amount of $160,000 dated March 27, 2001, recorded March 29, 2001 (Doc. No. 2001-126334); and (7) modification of Rancon $160,000 deed of trust dated May 15, 2002, recorded July 18, 2002 (Doc. No. 2002-393692).

Dorrin moved to vacate the judgment as to the defaulting defendants on the basis judgment was void because the action was stayed pending Dorrin's appeal of the summary judgment against him. Alternatively, Dorrin sought a new trial contending irregularities in the proceedings precluded a fair trial (Code Civ. Proc., § 657, subds. 1 & 7) because the court did not rule on his objections and did not recognize his presence at the time of the hearing. NCM opposed the motion on the basis Dorrin lacked standing because he is not a party against whom the judgment was taken. Additionally, NCM argued Dorrin's appeal of the judgment against him did not stay matters outside the scope of the matter on appeal.

The court denied the motion to vacate noting the stay pending appeal under Code of Civil Procedure section 916 does not stay the default proceedings against other defendants unless it would create a conflicting result that cannot be reconciled, which was not the case here. The court denied the alternative motion for new trial stating Dorrin already had judgment entered against him and he had "no interest in the default

proceedings or any right to participate in those proceedings."[4]  Dorrin appealed the

August 15, 2014, judgment and the October 2, 2014, order denying the motion to vacate.

DISCUSSION

I

NCM contends Dorrin lacks standing to appeal the default judgment entered

against the defaulting defendants.  We agree.

"The right to appeal is purely statutory.  [Citation.]  Code of Civil Procedure

section 902 defines 'Who May Appeal' from a judgment.  [Citation.]  The statute provides

' "Any party *aggrieved*" may appeal from an adverse judgment.  [Citation.]  The test is

twofold—one must be *both a party of record to the action and aggrieved* to have

standing to appeal.'  [Citation, some italics added.]  Thus, notwithstanding an appealable

judgment or order, '[a]n appeal may be taken only by a party who has standing to appeal.

[Citation.]  This rule is jurisdictional.  [Citation.]'  [Citation.]  It cannot be waived.' "

(*Conservatorship of Gregory D.* (2013) 214 Cal.App.4th 62, 67.)

"To be aggrieved, a party must have a legally cognizable interest that is injuriously

affected by the court's decision." (*In re Valerie A.* (2007) 152 Cal.App.4th 987, 999.)

---

4    The court did not allow Dorrin to orally argue the motion because he did not
timely request oral argument as required by the California Rules of Court, rule
3.1308(a)(1) and the Superior Court of Riverside County, Local Rules, rule
3316.  As a result, the court confirmed the tentative ruling.  The court also did not consider Dorrin's
untimely supplemental memorandum.

" 'Conversely, " ' "[a] party who is not aggrieved by an order or judgment has no standing to attack it on appeal." ' " (*Conservatorship of Gregory D.*, *supra*, 214 Cal.App.4th at p. 67.)

Dorrin was a party of record in the proceedings below and a separate judgment was entered against him. He had the opportunity to, and did, appeal that judgment. He is not, however, an aggrieved party by the judgment entered against the defaulting defendants. To hold otherwise would give him two bites at the same apple.

The fact Dorrin is alleged to have some ownership interest in California Ranch and Ventura Auto does not give him standing to appeal the judgment against those defaulting defendants. Dorrin does not contend he attempted to appear on their behalf in this litigation.[5] When those entities did not timely file a response, the court granted NCM's requests for default and, after an evidentiary hearing in compliance with Code of Civil Procedure section 764.010, the court entered judgment against them.

"Injurious effect *on another party* is insufficient to give rise to appellate standing. A 'party cannot assert error that injuriously affected only nonappealing coparties.' [Citation.] This is 'no mere technicality, but is grounded in the most basic notion of why courts entertain civil appeals. We are here to provide relief for appellants who have been

---

5     We note Dorrin could not appear on their behalf in pro per. "[U]nder a long-standing common law rule of procedure, a corporation, unlike a natural person, cannot represent itself before courts of record in propria persona, nor can it represent itself through a corporate officer, director or other employee who is not an attorney. It must be represented by licensed counsel in proceedings before courts of record." (*CLD Construction, Inc. v. City of San Ramon* (2004) 120 Cal.App.4th 1141, 1145.)

10

wronged by trial court error. Our resources are limited and thus are not brought to bear when appellants have suffered no wrong but instead seek to advance the interests of others who have not themselves complained.' " (*Conservatorship of Gregory D.*, *supra*, 214 Cal.App.4th at pp. 67-68.)

Additionally, Dorrin is not an aggrieved party simply because NCM may now proceed with foreclosure. The court already granted summary judgment against Dorrin indicating NCM has a right to foreclosure. The default judgment only clears the title as to other parties for such an action to proceed. Therefore, we dismiss the appeal from the default judgment.[6]

## II

We consider and reject Dorrin's contention the trial court erred in denying his motion for new trial on the basis he lacked standing. (*United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, *supra*, 125 Cal.App.4th at p. 1305.) We review a ruling on a motion for new trial for abuse of discretion. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 859-860.) However, Dorrin presented no authority suggesting a defendant with a separate judgment against him may appear and participate in the default hearing

---

[6] The facts here are distinguishable from cases holding a party may have standing to appeal a dismissal order determining the party lacked standing to appear in the case. In those cases, the appealing party is aggrieved by a ruling the party lacked standing. (See *United Investors Life Ins. Co. v. Waddell & Reed, Inc.* (2005) 125 Cal.App.4th 1300, 1305.) Here, however, the judgment was based on the defaults of the nonappearing defendants and the evidence presented at the hearing.

11

regarding other defendants. Therefore, the trial court did not abuse its discretion in denying the motion.

We also exercise our discretion to consider and reject Dorrin's contention the trial court erred in denying his motion to vacate the judgment as void because it was entered while his appeal was pending. We review a ruling regarding a motion to vacate a judgment for abuse of discretion. (*Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 257-258.)

First, Code of Civil Procedure section 473, subdivision (d), permits only an "injured party" to move to set aside or vacate a void judgment. As discussed herein, Dorrin is not a party injured by the default judgment.

Second, the default judgment is not void because Dorrin's appeal did not automatically stay collateral proceedings against the defaulting defendants. Section 916 " 'stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby, including enforcement of the judgment or order,' " but permits a trial court to " 'proceed upon any other matter embraced in the action and not affected by the judgment or order.' " (*Novartis Vaccines & Diagnostics, Inc. v. Stop Huntingdon Animal Cruelty USA, Inc.* (2006) 143 Cal.App.4th 1284, 1302.) "A stay on [a] 'separate and independent' appeal is limited to enforcement of the *appealed* judgment or order and the matters 'embraced in' or 'affected by' that judgment or order. [Citation.] [¶] The stay does not suspend trial court proceedings on the remaining components of the litigation." (Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2014) ¶ 7:36, pp. 7-14 to 7-15.) Dorrin's appeal of the summary

12

judgment against him, which quieted title as to his ownership of the property, validated NCM's lien and permitted judicial foreclosure, was separate, independent and collateral to the default judgment at issue against the defaulting defendants with respect to any interests they had in the property.

## DISPOSITION

The appeal from the judgment is dismissed. We affirm the order denying Dorrin's motion to vacate the judgment and alternative motion for new trial. NCM is entitled to its costs on appeal.

McCONNELL, P. J.

WE CONCUR:

McDONALD, J.

AARON, J.

13