Filed 9/23/16  Kuczkowski v. Kaiser Found. Hospital CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| PETER KUCZKOWSKI, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> KAISER FOUNDATION HOSPITALS et al., <br><br> Defendants and Respondents. | A146482 <br><br> (Alameda County <br> Super. Ct. No. HG13679143) |

An arbitrator granted summary judgment to Kaiser Foundation Hospitals and related entities (collectively Kaiser) in a medical malpractice action brought on behalf of Peter Kuczkowski (Peter) by his brother, Zbigniew Max Kuczkowski (Max).[1]  The trial court granted Kaiser's petition to confirm the arbitration award and entered judgment for Kaiser.  We affirm.

## I.  BACKGROUND

Max filed a first amended complaint in Alameda County Superior Court in November 2013.  The complaint alleged that, in the treatment of Peter, Kaiser committed malpractice and intentional tort.  Max purported to represent Peter by virtue of a general durable power of attorney, a copy of which was attached to the complaint.  Kaiser allegedly intubated Peter without permission or reasonable necessity.  The complaint also alleged Kaiser negligently failed to actively treat Peter upon admission for cardiac arrest,

---

[1] Because of shared surnames, we refer to the appellant and his brother by first name to avoid confusion.  No disrespect is intended.

allowed him to lapse into a vegetative state, diagnosed him as a candidate for ceasing medical care, failed to provide care that would have prevented or lessened side effects of cardiac arrest, prescribed inappropriate medications, and performed unnecessary procedures. At a case management conference in December 2013, the trial court advised Max that, as a nonattorney, he could not represent his brother. Kaiser filed a general denial in January 2014.

Kaiser filed a petition to compel arbitration pursuant to the terms of Peter's health plan. The petition was unopposed and the trial court ordered the matter referred to binding arbitration in May 2014.[2] Kaiser filed a motion for summary judgment, which was heard by arbitrator P. Beach Kuhl in February 2015. The arbitrator's order states that Peter filed no opposition, but that Max appeared at the hearing on his behalf. Kaiser submitted the declaration of medical expert Steven Fugaro, M.D., who opined that Peter's treatment was consistent with the applicable standard of medical care. Peter submitted no contrary evidence. The arbitrator granted Kaiser's motion.

Kaiser filed a petition to confirm the arbitration award.[3] In response, Max submitted voluminous documents styled as a "Proposed Order to Set the Jury Trial . . . ." Kaiser filed a reply, objecting that Max could not represent Peter and stating that the pleadings had not been served. At an April 2015 hearing, Max attempted to appear for Peter. The court continued the matter to July to give Max an opportunity to retain counsel for Peter.

The minutes of the continued hearing indicate that a published tentative ruling granting Kaiser's petition was "contested," although nothing indicates when or by whom.

---

[2] The May 15, 2014 clerk's minutes state that a posted tentative ruling granting the petition to compel arbitration was "contested," although no further details are given. The clerk's transcript contains no written opposition to the petition, and the minutes of the hearing reflect no appearance on behalf of Peter. It appears undisputed that the claim was properly subject to arbitration.

[3] The petition was filed on March 17, 2015. Clerk's minutes from a February 19, 2015 compliance hearing indicate the court signed an order submitted by Kaiser dismissing the first amended complaint with prejudice.

2

No appearances were entered by any party. The trial court granted the petition to confirm the arbitration award, which it considered "unopposed." Judgment was entered on August 3, 2015, and notice of entry of judgment was given by Kaiser on August 11. Max filed a notice of appeal on Peter's behalf on September 30.

## II. DISCUSSION

### *Representation and Standing*

We first address a critical defect in this appeal. The appeal purports to be brought by Peter "as Pro-Per," with Max "writing."[4] As in the trial court, all pleadings submitted here have been signed and filed by Max, purportedly under the authority of a power of attorney executed by Peter. "A power of attorney is a device available to a person to empower another to act on his or her behalf." (*In re Marriage of Caballero* (1994) 27 Cal.App.4th 1139, 1151.) It is not, however, " 'a vehicle which authorizes an attorney in fact to act as an attorney at law.' " (*Ibid*.)

Since passage of the State Bar Act in 1927, it has been well settled that persons may represent their own interests in legal proceedings but may not " ' "practice law [for another] in this State unless [they are] active member[s] of the state bar." ' " (*J.W. v. Superior Court* (1993) 17 Cal.App.4th 958, 965.) "[Business and Professions Code] section 6125 states, 'No person shall practice law in California unless the person is an active member of the State Bar.' Under the statute, one who is not a licensed attorney cannot appear in court for another person. [Citations.] Thus, one holding a special power of attorney cannot act as an attorney for another by virtue of the power of attorney." (*Ziegler v. Nickel* (1998) 64 Cal.App.4th 545, 547–548; *Drake v. Superior Court* (1994) 21 Cal.App.4th 1826, 1830 ["[b]y definition, one cannot appear in 'propria' persona for another person"]; *In re Marriage of Caballero, supra,* 27 Cal.App.4th at p. 1151

---

[4] Max alleges in the appellant's opening brief that Peter is a "permanently disabled individual," who is "aware of everything around him" but requires Max's assistance to "express himself." (Capitalization omitted.) No medical evidence is provided documenting the nature or extent of Peter's disability, and nothing in the record demonstrates Peter's lack of capacity. Max does not purport to have been designated Peter's conservator or guardian ad litem. (See Code Civ. Proc., § 372 et seq.)

3

["[d]espite broad statutory language of the power of attorney with respect to claims and litigation, the attorney in fact may not act as an attorney at law on behalf of his principal, even though the principal could appear in propria persona"].)

Nor does Max have any derivative authority to pursue this action. "The holder of a power of attorney is merely an agent of the party who appointed him or her, not a trustee. Thus, the holder is *not* the real party in interest as to rights belonging to the principal . . . , and cannot sue to enforce those rights. Nor can the holder sue derivatively for damages suffered by the owner." (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2014) ¶ 2:13, p. 2-9.) Max was told repeatedly in the trial court that he could not act or appear for Peter, and he was given the opportunity to obtain counsel for Peter. Max failed to do so and seeks to pursue this appeal despite the same deficiencies. While Peter can appear "in propria persona" in his own action, Max cannot.

An appeal may be taken only by a party who has standing to appeal. (*United Investors Life Ins. Co. v. Waddell & Reed, Inc.* (2005) 125 Cal.App.4th 1300, 1304.) This rule is jurisdictional. (*Ibid.*) Max had no authority to represent Peter in the trial court, and he had no authority to file a notice of appeal on Peter's behalf. He also has no authority to represent Peter here. Absent a party and pleadings properly before the court, we have no choice but to dismiss the appeal.

### *The Appeal Fails on the Merits*

We note that we reviewed the record, and the appeal would fail if we had jurisdiction to consider the issues on the merits. " 'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) The appellant has the burden of demonstrating error on the part of the trial court. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140–1141; *People v. Giordano* (2007) 42 Cal.4th 644, 666 [" ' "error must be affirmatively shown" ' "].) "[T]he party asserting

4

trial court error may not . . . rest on the bare assertion of error but must present argument and legal authority on each point raised." (*Boyle v. CertainTeed Corp.* (2006) 137 Cal.App.4th 645, 649.)

The briefs filed by Max are accurately characterized by Kaiser as "largely incoherent."[5]  To the extent discernable, the principal focus of Max's argument seems to be a claimed denial of due process and equal protection in the trial court's refusal to accept his filings.[6]  As discussed, Max had no ability to represent Peter in the trial court, and he had no ability to submit pleadings or appear on Peter's behalf.  Max therefore cannot demonstrate the trial court erred in rejecting his filings.

The appeal is purportedly taken from the judgment entered upon confirmation of the arbitration award.[7]  "In reviewing a judgment confirming an arbitration award, we

---

[5] The appellant's briefing does not begin to comply with the California Rules of Court and would be properly rejected even if submitted by Peter.  Neither a summary of the relevant procedural history with citations to the record, nor a statement of facts referencing the trial court record, is provided.  (Cal. Rules of Court, rule 8.204(a)(2)(A), (C).)  No coherent argument, with supporting legal authority on each point raised, is submitted.  (See *Boyle v. CertainTeed Corp., supra,* 137 Cal.App.4th at p. 649; *In re S.C.* (2006) 138 Cal.App.4th 396, 408 ["[t]o demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error"]; Cal. Rules of Court, rule 8.204(a)(1)(B), (C).)  Failure to support arguments with citations to specific evidence in the record, and failure to apply cited legal principles to the facts, forfeits those arguments.  (See *Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784–785; *Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115–1116; Cal. Rules of Court, rule 8.204(a)(1)(C).)  A self-represented party is not exempt from the rules.  (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246; *McComber v. Wells* (1999) 72 Cal.App.4th 512, 522–523.)  "[S]uch a party is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys." (*Barton v. New United Motor Manufacturing, Inc.* (1996) 43 Cal.App.4th 1200, 1210.)

[6] Max also alleges these documents were "altered" by the court ("Altered and Erased EXHIBIT NUMBERS AND MISSING CHADS").  The argument is incomprehensible.  Since the documents were properly rejected, the issue is moot in any event.

[7] Max also checked the box on the form notice of appeal challenging a "[j]udgment after an order granting a summary judgment motion."  Unless the parties agree otherwise, or an arbitrator exceeds his powers, the merits of an arbitrator's ruling is

must accept the trial court's findings of fact if substantial evidence supports them, and we must draw every reasonable inference to support the award." (*Pierotti v. Torian* (2000) 81 Cal.App.4th 17, 24.)  We are required to presume the record contains evidence to support every finding of fact, unless an appellant affirmatively shows otherwise.  (*Huong Que, Inc. v. Luu* (2007) 150 Cal.App.4th 400, 409.)  No error is shown.

Under the California Arbitration Act (Code Civ. Proc., § 1280 et seq.), a petition to confirm the award may be brought within four years after service of a signed copy of the award.  (*Id.*, § 1288.)  On petition by a party to the arbitration, the trial court may either confirm, correct, or vacate the award.  (*Id.*, § 1285.)  A response to a petition may request the court to dismiss the petition or to confirm, correct, or vacate the award.  (*Id.*, § 1285.2.)  "[C]onfirmation of an award is the mandatory outcome *absent* the correction or vacatur of the award or the dismissal of the petition:  'If a petition or response . . . is duly served and filed, the court shall *confirm the award as made . . .* unless in accordance with this chapter it corrects the award and confirms it as corrected, vacates the award or dismisses the proceeding.'  ([*Id*.,] § 1286, italics added.)  A petition to confirm need only set forth (1) the names of the arbitrators, (2) the arbitration agreement (by description or attached copy), and (3) the award and written opinion of the arbitrators (by description or attached copy).  ([*Id*.,] § 1285.4.)"  (*Eternity Investments, Inc. v. Brown* (2007) 151 Cal.App.4th 739, 745.)  Kaiser filed a petition in conformity with the California Arbitration Act, and no competent opposition was submitted, although Peter was given ample opportunity to do so.[8]  The court was required to grant the petition and to enter judgment as requested.

---

generally not subject to judicial review.  (*Haworth v. Superior Court* (2010) 50 Cal.4th 372, 380; *Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 11.)

[8] Most of Max's 450-page attempted submission is difficult to decipher.  It appears, however, to reargue the merits of the malpractice claim and provides no basis to vacate or modify the award.  Max also challenged the arbitrator's impartiality, based on Kaiser's representation by the arbitrator's law firm in unrelated matters.  Had the arbitrator failed to disclose this information, it would have been grounds to vacate the award. (Code Civ. Proc., §§ 1281.9, 1286.2, subds. (a)(2) & (a)(6); *Benjamin, Weill &*

### III.   DISPOSITION

The appeal is dismissed.

_____
BRUINIERS, J.

WE CONCUR:


_____
JONES, P. J.


_____
SIMONS, J.

---

*Mazer v. Kors* (2011) 195 Cal.App.4th 40, 73.)  However, documents within Max's own proposed filing reflect that disclosure was made.