Filed 2/9/24  Hart v. Alta Vista Gardens CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| DOUGLAS HART, | B328231 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 19STCV20149) |
| v. | |
| ALTA VISTA GARDENS, INC., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Ernest M. Hiroshige, Daniel M. Crowley, Judges.  Dismissed.

John J. O'Kane III, for Defendant and Appellant.

Soofer Law Group and Ramin Soofer for Plaintiff and Respondent.

_____

Plaintiff and respondent Douglas Hart (Hart) filed a slip-and-fall action against defendant and appellant Alta Vista Gardens, Inc. (Alta Vista), the City of Los Angeles, and Konstantin Goldenberg and Faina Goldenberg (collectively the Goldenbergs), after Hart tripped on the sidewalk in front of Alta Vista's premises and suffered a shoulder injury. Hart obtained a verdict awarding him $1,608,000 against Alta Vista following a bench trial. Judgment against Alta Vista was entered on February 22, 2022. On February 15, 2023,[1] a year after the judgment was entered against Alta Vista, Hart dismissed with prejudice his claims against the Goldenbergs. Alta Vista then appealed, identifying the 2023 order dismissing the Goldenbergs as the order being appealed. Alta Vista seeks a ruling that entry of the order dismissing the Goldenbergs made the 2022 judgment against it appealable, and requests a remand of the case to the trial court to permit Alta Vista an opportunity to file post-judgment motions regarding the 2022 judgment.

The appeal is dismissed.[2] As we explain below, Alta Vista's opening brief (the sole pleading it has filed with this court) lacks a coherent factual statement, contains not a single citation to the record, and discusses numerous matters about which the record contains no materials. Further, the brief fails to articulate and develop legal arguments with pertinent legal authority. To the extent we are able to glean the contentions of purported error,

[1] Alta Vista's brief and the notice of appeal inaccurately state that the Goldenbergs' dismissal with prejudice was entered on February 14, 2023. The dismissal was requested on February 14, 2023, but entered on February 15, 2023.

[2] In light of our disposition, we need not rule on Hart's motion to dismiss filed with this court on October 16, 2023.

2

the issues presented are not properly raised. Alta Vista lacks standing to appeal the 2023 dismissal with prejudice of the Goldenbergs because Alta Vista is not an aggrieved party. (Code Civ. Proc., § 902.) The dismissal has no impact on Alta Vista's rights or interests, as the separate 2022 judgment resolved all issues between Hart and Alta Vista. To the extent Alta Vista purports to appeal the 2022 judgment, the appeal is dismissed as untimely.

## PROCEDURAL HISTORY

On June 10, 2019, Hart filed the underlying complaint. The Goldenbergs failed to appear and defaults were entered against them on August 13, 2019. Alta Vista and the City of Los Angeles answered the complaint. The City of Los Angeles was dismissed from the action on October 15, 2020.

Judge Ernest Hiroshige conducted a bench trial as to Alta Vista and a default prove-up as to the Goldenbergs.

On November 15, 2021, Judge Hiroshige issued a tentative decision as to Alta Vista that awarded damages to Hart in the amount of $1,608,000. The tentative decision became the final decision 10 days later.

On December 13, 2021, Judge Hiroshige issued a tentative decision on the default prove-up, denying Hart's request for a default judgment against the Goldenbergs because the complaint failed to allege the Goldenbergs were being sued as individuals, rather than entities. Judge Hiroshige ordered Hart to file an amended complaint addressing the deficiency.

On February 22, 2022, judgment was entered against Alta Vista in the amount of $1,608,000. The next day, the clerk of the

court filed and served on the parties a Notice of Entry of Judgment.

Subsequently, Hart caused a writ of execution to be issued and levied on Alta Vista's bank account. Alta Vista obtained a temporary restraining order and applied for an injunction. On June 29, 2022, Judge Mark A. Borenstein, who was assigned to hear the restraining order proceedings, vacated the temporary restraining order and ordered that no injunction would issue. Judge Borenstein found, for the purposes of the injunction proceedings, that the February 22, 2022 judgment was "an interlocutory [judgment] not subject to appeal [or] enforcement under the Enforcement of Judgments Act." Judge Borenstein ordered that the monies seized by the Sheriff in June 2022 be returned to Alta Vista, but the order was without prejudice to further proceedings concerning the nature of the "February 22, 2022 'judgment'" or any amended judgment. With respect to the February 22, 2022 judgment, Judge Borenstein stated, "This Court is unsure whether it would have characterized this 'judgment' as an interlocutory order not subject to appeal and enforcement. In fact, the Court of Appeal might well find the February 22, 2022 'judgment' is final under Civil Procedure Code [section] 578 and [section] 579. The 'judgment' resolved all of the issues between Plaintiff and one defendant, Alta Vista Gardens, in an action that sought several liability. [¶] But here, the Plaintiff admitted in writing in a document presented to Judge Hiroshige before signing the 'judgment,' that it was not a final judgment. Defendant agreed. If Plaintiff intended to seek enforcement of the judgment he proposed to the Judge, Plaintiff should have asked the court to enter a separate, final judgment under either section 578 or section 579. Plaintiff's admission

4

otherwise, precludes Plaintiff from arguing now the 'judgment' was final and enforceable.  At least as between the parties, the 'judgment' is a non final interlocutory judgment, that cannot be enforced until it is final and appealable."  Judge Borenstein concluded with the statement that, "This order is without prejudice to further proceedings concerning the nature of the February 22, 2022 'judgment' or any amended judgment."

On February 15, 2023, at Hart's request, the Goldenbergs were dismissed from the action with prejudice.[3]  Shortly thereafter, Hart sought to have a writ of execution issue.  The court rejected Hart's writ of execution on February 27, 2023, stating that further information was required.

Alta Vista filed two substantively identical notices of appeal in the trial court, on April 13 and 17, 2023.  The notices of appeal indicate that Alta Vista appealed "[f]rom dismissal with prejudice (dated 2/14/2023) of individual defendants, rendering judgment against entity Defendant (dated 2/22/2022) final and appeal-able under [Code Civ. Proc., §] 904.1(a)(1)."  The Civil Case Information Statement that Alta Vista then filed with this court attaches the February 15, 2023 order dismissing the Goldenbergs as the order appealed from.

## DISCUSSION

Alta Vista wholly fails to meet the requirement of California Rules of Court, rule 8.204, subdivision (a)(1)(C), that a

---

[3] The record on appeal contains no information regarding what occurred between the tentative decision denying default judgments against the Goldenbergs and their dismissal from the action with prejudice.

5

brief must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears."  Indeed, although Alta Vista's brief purports to present "a complete history of the case," it contains not a single citation to the record.  Worse still, we are unable to find in our review of Alta Vista's appendix (or Hart's appendix) the existence of materials that even relate to most of the statements Alta Vista makes.  Alta Vista's brief makes representations about the procedural history, the content of filings across various departments of the Superior Court, the testimony of witnesses, expert testimony, evidentiary rulings, a terminating sanctions order, written closing arguments, objections to the judgment, an amended complaint, failures of service, a writ of execution, ex parte filings, conversations with the court clerk, Alta Vista's need to borrow funds to cover monies taken from its bank account, and court orders relating to potential future writs of execution.  No record materials are cited, much less provided to support these representations.  Accordingly, we disregard Alta Vista's unsupported statements.  (See *Gottschall v. Daley* (2002) 96 Cal.App.4th 479, 481, fn. 1; *Kendall v. Barker* (1988) 197 Cal.App.3d 619, 625, superseded on other grounds by Code Civ. Proc., §472, subd. (b).)

Alta Vista's purported legal arguments also fail to meet the requirements of California Rules of Court, Rule 8.204, subdivisions (2)(A-B), in that they muddle whether Alta Vista is appealing from the February 14, 2023 dismissal of the Goldenbergs, or the February 22, 2022 judgment, or some other order.[4]  On one hand, it appears that the appeal is directed at the

_____

[4] The opening brief states that Alta Vista appeals from an order dated June 21, 2023, and does not identify the order or its

February 14, 2023 dismissal order:  that is the order identified in the notice of appeal, the Case Information Statement, and is the only order fitting the statement in Alta Vista's opening brief that it is appealing under "Code of Civil Procedure section 904.1, subdivision (a)(2)."[5]  To the extent this is Alta Vista's position, the appeal fails.

Alta Vista lacks standing to challenge the dismissal.  "Code of Civil Procedure section 902 sets forth the statutory basis for standing to appeal, 'Any party aggrieved may appeal in the cases prescribed in this title.'  The Supreme Court has explained the test of whether a party is aggrieved:  'One is considered "aggrieved" whose rights or interests are injuriously affected by the judgment.  [Citations.]  Appellants interest "must be immediate, pecuniary, and substantial and not nominal or a remote consequence of the judgment."  [Citation.]'  [Citations.]  The controlling Supreme Court analysis was explained by the Court of Appeal thusly:  ' "[A]s to the question who is the party *aggrieved*, the test . . . seems to be the most clear and simple that could be conceived.  *Would the party have had the thing, if the*

_____

substance in the record.  It may be that the inclusion of this date is a mistake, but it is far from apparent, given the numerous citations to dates and events for which no record evidence is cited or provided.  Nevertheless, it seems likely that Alta Vista is not appealing from an order entered over two months after the notice of appeal was filed.

[5] Code of Civil Procedure, section 904.1, subdivision (a)(2) permits an appeal from an order made after a judgment made appealable by paragraph (1), which in turn exempts most interlocutory judgments.  The February 14, 2023 dismissal order is the only order arguably fitting that description.

7

*erroneous judgment had not been given?* If the answer be yea, then the person is the 'party aggrieved.' But his right to the thing must be immediate, and not the remote consequence of the judgment, had it been differently given." [Citation.]' [Citation.] The Courts of Appeal have characterized standing to appeal as a jurisdictional matter." (*United Investors Life Ins. Co. v. Waddell & Reed, Inc.* (2005) 125 Cal.App.4th 1300, 1304.)

Alta Vista has failed to show that it has any right or interest that was affected by the Goldenbergs' dismissal. The controversy between Alta Vista and Hart was resolved in its entirety by the judgment entered against Alta Vista on February 22, 2022. Alta Vista therefore has no standing to appeal the Goldenbergs' dismissal.

Alternatively, Alta Vista's brief might be understood to appeal the February 22, 2022 judgment, as the notice of appeal suggests that the dismissal with prejudice of the Goldenbergs operated to make the February 22, 2022 judgment against Alta Vista—which it characterizes as "interlocutory"—a final and appealable judgment. The import of this assertion would appear to be that Alta Vista's April 13, 2023 appeal, filed within 60 days of the February 15, 2023 dismissal of the Goldenbergs, should be considered a timely appeal of the February 22, 2022 judgment Hart obtained against Alta Vista. This convoluted argument also fails.

"Section 904.1, subdivision (a) allows appeal '[f]rom a judgment, except . . . an interlocutory judgment. . . .' In *Morehart* [*v. County of Santa Barbara* (1994) 7 Cal.4th 725 (*Morehart*)], [the Supreme Court] we explained that the rule codified in this provision, known as the one final judgment rule, precludes an appeal from a judgment disposing of fewer than all the causes of

8

action extant between the parties . . . . 'A judgment that disposes of *fewer* than all of the causes of action framed by the pleadings, however, is necessarily "interlocutory" (Code Civ. Proc., § 904.1, subd. (a)), and not yet final, as to any parties between whom another cause of action remains pending.' (*Morehart, supra*, 7 Cal.4th at p. 741.) The theory of the rule is that ' "piecemeal disposition and multiple appeals in a single action would be oppressive and costly, and that a review of intermediate rulings should await the final disposition of the case." ' " (*Kurwa v. Kislinger* (2013) 57 Cal.4th 1097, 1101.) "Judgments that leave nothing to be decided between one or more parties and their adversaries, [however,] . . . have the finality required by section 904.1, subdivision (a)." (*Morehart, supra*, at p. 741.)

Alta Vista's position that the February 22, 2022 judgment was interlocutory has no legal support. The judgment resolved all issues between Hart and Alta Vista and imposed several liability on Alta Vista in the amount of $1,608,000. Alta Vista does not argue otherwise. Rather, Alta Vista suggests that the order of Judge Borenstein denying its application for injunction—which was entered over four months after the judgment itself—rendered the judgment "interlocutory." Alta Vista cites to no authority that supports its position that a post-judgment order on a collateral matter (and entered by a different judge) can alter the nature of a final judgment, and we know of none. Moreover, we do not read Judge Borenstein's order as definitively resolving that the prior judgment was interlocutory. It appears that Judge Borenstein, though dubious of the correctness of the parties' characterization of the judgment as interlocutory, intended to hold the parties to their position for purposes of deciding whether to grant the injunction, rather than permitting them to shift

9

position when it suited their purposes to do so.  Regardless, Judge Borenstein's order in collateral proceedings involving an injunction had no effect on the finality of the February 22, 2022 judgment.  To the extent that Alta Vista attempts to appeal that judgment, it failed to do so within the 60-day statutory period.

Because we conclude that the appeal is untimely as to the February 22, 2022 final judgment and Alta Vista has no standing to appeal the February 15, 2023 dismissal of the Goldenbergs, we dismiss the appeal.

## DISPOSITION

The appeal is dismissed.  Plaintiff and Respondent Douglas Hart is awarded costs on appeal.

NOT TO BE PUBLISHED.


MOOR, J.


We concur:


BAKER, Acting, P. J.


LEE, J.*

---

*Judge of the Superior Court of San Bernardino County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.